UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

2145 MCCARTER LLC,

                *Plaintiff*,

– against –

LEEDS TERMINAL INC.,

                *Defendant*.

**MEMORANDUM & ORDER**
25-cv-00487 (NCM) (JAM)

---

**NATASHA C. MERLE**, United States District Judge:

On January 28, 2025, defendant removed this action from Kings County Supreme Court. *See* Notice of Removal, ECF No. 1. Over the next nearly four months, plaintiff—who was represented by counsel—did not participate in the litigation and failed to respond to orders of the Court. *See* Order dated February 13, 2025; Order dated February 28, 2025; Order dated May 6, 2025. On May 19, 2025, following multiple warnings that plaintiff's failure to comply with orders of the Court could result in dismissal, the Court issued an Order dismissing this case under Rule 41(b) of the Federal Rules of Civil Procedure. *See* Order Dismissing Case dated May 19, 2025. A few weeks later, plaintiff timely moved for relief from the dismissal Order and Judgment under Rule 60(b), or in the alternative, alteration of the Judgment under Rule 59(e). *See* Mem. in Supp. 6 ("Mot."), ECF No. 22-4.[1] The motion also sought a temporary restraining order and a preliminary injunction. Mot. 6. On June 11, 2025, the Court denied the plaintiff's request for a temporary

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

restraining order. *See* Minute Entry dated June 11, 2025. For the reasons stated below, with respect to the portions not already adjudicated, plaintiff's motion is DENIED.

## BACKGROUND

This litigation began on December 26, 2024 when plaintiff filed a Summons with Notice in New York State Supreme Court, Kings County, seeking declaratory relief, specific performance, and a permanent injunction against defendant related to a contract of sale for the purchase of real property in Newark, New Jersey. Summons with Notice 2, ECF No. 1-2. On January 28, 2025, defendant filed a notice of removal in the Eastern District of New York on the basis of diversity of citizenship between the parties. Notice of Removal ¶ 13. Plaintiff was represented by attorney Frank R. Seddio. Although Seddio did not file a Notice of Appearance in the Eastern District of New York proceeding, beginning with the assignment of this case to the undersigned on January 29, 2025, and with every subsequent docket filing, Seddio received automatic ECF notifications via email. *See* Notice of Electronic Filing of Docket Entry dated Jan. 29, 2025, Decl. of Rachel A. Mongiello, Ex. B, ECF No. 26-2 at 12–13 (stating that "Notice has been electronically mailed to: Frank R. Seddio [via] seddiolaw@gmail.com, vjvseddiolaw@gmail.com, vmao@seddiolaw.com.").

On February 4, 2025, defendant submitted a letter requesting a pre-motion conference on its anticipated motion to dismiss for lack of personal jurisdiction. Pre-Motion Letter, ECF No. 10. On February 13, 2025, the Court issued an order noting that, "[p]ursuant to Rule III.A.2 of this Court's Individual Practice Rules, plaintiff was required to serve and file a letter response of three pages or less within seven days after service of defendant's letter. Plaintiff still has not done so." Order dated February 13, 2025. The Court directed plaintiff to file its response by February 18, 2025. Order dated February 13,

2025. On February 28, 2025, the Court issued an order noting that plaintiff "did not comply with the Court's order and has yet to respond to defendant's letter." Order dated February 28, 2025. The Court warned plaintiff that "continued failure to comply with the Court's orders may result in sanctions, including dismissal of this action for failure to prosecute." Order dated February 28, 2025. The Court also determined that a pre-motion conference was not necessary and set a briefing schedule for defendant's motion. The Court noted that if plaintiff did not "file an opposition to defendant's motion by April 30, 2025, the motion [would] be deemed fully briefed, and this action may be dismissed for failure to prosecute." Order dated February 28, 2025.

Defendant timely filed its motion on March 31, 2025, *see* Notice of Mot. to Dismiss, ECF No. 12, but plaintiff did not file an opposition as directed on April 30, 2025. On May 6, 2025, the Court issued an order noting that plaintiff "did not comply with the Court's [February 28, 2025] order and failed to oppose defendant's motion to dismiss." Order dated May 6, 2025. The Court directed plaintiff "to show cause in writing by May 13, 2025, why this case should not be dismissed for failure to prosecute." Order dated May 6, 2025. Plaintiff did not respond to the order to show cause. Accordingly, on May 19, 2025, the Court issued an Order dismissing this case under Rule 41(b) and directing the Clerk of Court to enter judgment and close the case. Order Dismissing Case dated May 19, 2025. The Clerk did so on May 20, 2025. *See* Clerk's J., ECF No. 17.

Three days later, on May 23, 2025, plaintiff for the first time filed a document in this Court. *See* Letter to Judge, ECF No. 18. The letter, submitted and signed by Seddio, stated: "After Defendant moved to dismiss the case for lack of personal jurisdiction and improper venue, I intended to file a notice of voluntary dismissal. Regrettably, I failed to do so, and I apologize for not responding to the Court's orders." Letter to Judge 1. Plaintiff

3

also requested that the Court vacate its dismissal of plaintiff's case and permit it to dismiss the case voluntarily pursuant to Rule 41(a). Letter to Judge 1. The Court denied this request and set a briefing schedule for any motion seeking relief pursuant to Fed. R. Civ. P. 60(b). *See* Order dated May 28, 2025.

On June 5, 2025, plaintiff filed a motion seeking relief from the dismissal Order and Judgment pursuant to Rule 60(b) so that plaintiff could voluntarily dismiss the action without prejudice. Mot. 12, 14. In the alternative, plaintiff asked the Court to modify its dismissal Order and Judgment under Rule 59(e) to be a dismissal without prejudice. Mot. 16. Defendant filed an opposition, Mem. of Law in Opp'n ("Opp'n"), ECF No. 28, and plaintiff filed a reply, Reply, ECF No. 30.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). For any Rule 60(b) motion, "courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).[2] When determining whether to grant relief for "excusable neglect" under Rule 60(b)(1), the Court must "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

4

for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 395 (1993); *see Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 249–50 (2d Cir. 1997) (applying the *Pioneer* test to Rule 60(b) motions); *see also Green ex rel. Est. of Green v. Adv. Cardiovascular Imaging*, No. 07-cv-03141, 2009 WL 3154317, at *2 (S.D.N.Y. Sept. 30, 2009). Meanwhile, relief under Rule 60(b)(6) should be granted "only in extraordinary circumstances[.]" *Buck v. Davis*, 580 U.S. 100, 112 (2017).

Rule 59(e) of the Federal Rules of Civil Procedure permits parties to make a motion to alter or amend a judgment within 28 days of the judgment's entry. Fed. R. Civ. P. 59(e). "[D]istrict courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

## DISCUSSION

Plaintiff attributes its failure to participate in the litigation and respond to the Court's orders "to the inadvertence and oversight [of] its prior counsel, Frank Seddio, Esq. . . . due to both technical and personal issues." Mot. 7. Specifically, plaintiff argues that "from the moment [d]efendant removed this action . . . (on or about January 28, 2025), [Seddio] was not receiving electronic notifications from PACER to his e-mail inbox." Mot. 13. A declaration of Seddio attached to plaintiff's motion asserts that this "was the result of a technical issue involving my email inbox, which was not receiving electronic notifications from PACER, all of which were inadvertently directed to my spam folder." Seddio Decl. ¶ 15, ECF No. 22-2. Additionally, the motion notes that "[Seddio]'s daughter passed away approximately one year ago, and he has been struggling with the first anniversary of her death, which has overwhelmed his attention and focus and left him vulnerable to lapses in attention to the Court's docket in this action." Mot. 13 (citing Seddio

5

Decl. ¶ 16). Plaintiff insists that "[d]espite these lapses, [p]laintiff and [Seddio] did not intend to neglect the Court's directives[.]" Mot. 13. Plaintiff argues that these circumstances constitute "excusable neglect" under Rule 60(b)(1) and/or "any other reason that justifies relief" under Rule 60(b)(6). Plaintiff argues in the alternative that these circumstances make an alteration of the dismissal Order and Judgment "necessary to prevent manifest injustice," because without such an order, there is a "risk that [d]efendant will transfer, dispose of, sell or otherwise encumber the [real property]" in violation of plaintiff's rights under a contractual sale agreement. Mot. 17. Plaintiff's arguments are unavailing.

First, plaintiff has failed to demonstrate excusable neglect that would warrant relief under Rule 60(b)(1). The Court reaches this conclusion because plaintiff has conceded that both Seddio and plaintiff itself were aware of the instant proceeding in federal court. Despite this awareness, plaintiff and Seddio did not take steps to participate in the litigation or comply with the Court's orders.

At the hearing on plaintiff's request for a temporary restraining order, plaintiff's current attorney Benjamin Koblentz and plaintiff's former attorney Frank Seddio spoke on the record. *See* Tr. of Civil Cause for Order to Show Cause Hr'g ("Tr.") 2, 7, ECF No. 29-1. Seddio initially maintained that he had not been aware of the removal or the pendency of this federal proceeding until May 20, 2025, Tr. 7:17–22. However, as the hearing approached its conclusion, Koblentz conceded that in fact Seddio "was advised by my current client, who was checking the docket, that the case had been removed[.]" Tr. 34:2–4. The Court then asked: "So [Seddio] did know the case was removed to federal court?" Tr. 34:5–6. In response, Seddio stated: "Apparently I did, Your Honor. It was verbally told to me by my client. My client -- and I instructed him immediately, if I recall correctly, you

6

need to get someone representing you in federal court. As he knows, the same client, I represented him on a number of occasions, and he's well aware of the fact that he had to get counsel in federal court." Tr. 34:7–13. These statements show that both plaintiff and Seddio were aware of the instant action in federal court and could have at any time checked the case docket and seen the Court's orders. Moreover, even if Seddio had not explicitly conceded that he knew that this action was proceeding in federal court, other evidence in the record shows that Seddio was aware. For example, on March 7, 2025, Seddio sent an email to defendant's transactional counsel in which Seddio mentioned that "my client is retaining counsel in the Federal case." Decl. of John Stewart ("Stewart Decl."), Ex. C, ECF No. 26-1 at 21. This contemporaneous statement reflects that Seddio knew at the time that the case was in federal court.

Given Seddio's knowledge of this action, his lack of participation and failure to respond to Court orders do not constitute excusable neglect. Courts in the Second Circuit widely agree that "the negligence of a party's attorney is insufficient grounds for relief under Rule 60(b)(1)." *Sable v. Kirsh*, No. 15-cv-04372, 2017 WL 4620997, at *3 (E.D.N.Y. Oct. 13, 2017). Even if Seddio was not receiving the Court's orders because the docket entries were going to his spam folder, this is not an adequate justification. Seddio intentionally initiated a lawsuit in state court where he represented a corporate entity plaintiff. *See* Summons with Notice. Thereafter, Seddio had an obligation to represent his client and to stay aware of developments in the litigation, including after the lawsuit was removed to federal court. Even if a technical problem prevented Seddio from seeing electronic notifications that were sent to his email, Seddio had "an obligation to monitor the docket sheet to inform [himself] of the entry of orders[.]" *U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001). It was not justifiable for Seddio to let nearly

7

four months elapse without once checking the docket despite knowing that the litigation was ongoing.

Some of Seddio's statements, such as the statement that "my client is retaining counsel in the Federal case" suggest that Seddio was under the impression that he did not need to participate in the instant litigation because plaintiff would be hiring a different attorney. Stewart Decl., Ex. C at 21. This is not a sufficient excuse. When an attorney represents a client in litigation, that attorney is obligated to continue diligent participation in the case unless and until the attorney withdraws. *See, e.g.*, *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 352 (S.D.N.Y. 2005) ("[C]ounsel is not excused from prosecuting his client's case unless and until he withdraws his representation."). Seddio at no point sought or was granted leave to withdraw from the case. Accordingly, any belief that Seddio may have held that plaintiff would be retaining different counsel for the instant action was no excuse to cease following the case in the meantime.

Plaintiff also explains that Seddio was experiencing personal difficulty due to the anniversary of his daughter's death. Mot. 13. The Court is sympathetic to the unthinkably difficult experience of losing a child and the personal difficulty that the anniversary of such a loss could create. Nevertheless, the Court finds that despite this genuine personal difficulty, it was not justifiable to entirely disregard this litigation for nearly four months, rather than, for example, filing a motion for an extension or a motion to withdraw as counsel.

Plaintiff cites several cases where courts found "excusable neglect" and granted relief under Rule 60(b)(1), Mot. 12–13, but none of these cases move the needle. In *Sulaymo-Bey v. Port Authority of New York and New Jersey*, the neglect was not by a

8

represented party or their attorney, but rather by a pro se litigant. No. 22-cv-10097, 2023 WL 3687741 at *1–2 (S.D.N.Y. May 26, 2023). "Courts afford pro se litigants greater latitude than represented parties," *Cobalt Multifamily Invs. I, LLC v. Arden*, 857 F. Supp. 2d 349, 355 (S.D.N.Y. 2011), and courts in the Second Circuit are generally "flexible with time requirements and defaults where a pro se litigant is concerned," *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991). Meanwhile, in *Akobardiya v. Princess Cruise Lines, Ltd.*, plaintiff's only omissions were failing to file proof of service of the complaint on the docket and then failing to correct the mistake within twelve days of the court issuing a warning to the plaintiff. No. 11-cv-02921, 2012 WL 3746218, at *1 (E.D.N.Y. Aug. 27, 2012). This neglect was of a substantially smaller degree than the neglect present here. In *Foley v. United States*, geographic, logistical, and bureaucratic obstacles were significant factors in the attorney's neglect, which led the Court to find it excusable. 645 F.2d 155, 157 (2d Cir. 1981). No equivalent factors are present here. Finally, in *Green*, the Court's finding of excusable neglect rested in part on the facts that "the circumstances causing [the attorney] to neglect [the case] were not fully within his control" and the attorney did not "willfully shirk his duties." *Green,* 2009 WL 3154317, at *4. By contrast, in the present case, the Court finds that the circumstances causing Seddio's neglect were almost entirely within Seddio's control. Though Seddio ostensibly did not control the fact that ECF notifications inadvertently went to him spam folder, he did control the fact that he did not check the docket during a nearly four-month period. Moreover, while the personal tragedy that Seddio faced was of course not within his control, the Court reiterates that it was not justifiable under the circumstances to entirely disregard litigation that he chose to initiate rather than filing a motion for an extension or a motion to withdraw. For these reasons,

9

none of the cited cases change the Court's conclusion that Seddio's actions do not constitute excusable neglect.

Second, plaintiff is not entitled to relief under Rule 60(b)(6). Rule 60(b)(6) requires meeting a substantial bar and is "properly invoked when there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981). Courts are "generally reluctant to recognize attorney error as a basis for relief from an order or judgment." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015); *see id.* at 424 (noting exceptions for circumstances such as "an attorney's disappearance or mental illness where the party tried diligently to contact his or her attorney"); *see also Stefanopoulos v. City of New York*, No. 01-cv-00771, 2007 WL 160819, at *3 (E.D.N.Y. Jan. 17, 2007) ("[I]t is well settled . . . that an attorney's gross negligence is not a basis for relief under Rule 60(b)(6)"); *Batac Dev. Corp. v. B&R Consultants, Inc.*, No. 98-cv-00721, 2000 WL 307400, at *5 (S.D.N.Y. Mar. 23, 2000) ("[T]he Second Circuit has not approved the gross negligence of counsel as a ground for setting aside a judgment under Rule 60(b)."). Plaintiff has not presented evidence or arguments that persuade the Court that relief under Rule 60(b)(6) is appropriate given this high bar and settled precedent.

Finally, plaintiff is not entitled to an alteration or amendment of the Judgment under Rule 59(e). The Second Circuit has held that "[a] court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hollander v. Members of Bd. of Regents of Univ. of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order). "At bottom, Rule 59(e) is an extraordinary remedy to be employed sparingly[.]" *Yelle v. Mount St. Mary Coll.*, No. 18-

cv-10927, 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021), *aff'd*, No. 21-480, 2022 WL 1715979 (2d Cir. May 27, 2022). "[T]he standard for granting a Rule 59(e) motion is strict" and such motions "will generally be denied." *Id.* Plaintiff argues that "[g]iven the . . . explanation regarding prior counsel's unintentional oversights, and the prejudice to [p]laintiff in the event that it cannot voluntarily dismiss the action, without prejudice, and bring its claims in the proper forum, alteration and/or amendment of the Order and Judgment is necessary to prevent manifest injustice, including to prevent the risk that [d]efendant will transfer, dispose of, sell or otherwise encumber the [p]roperty in violation of [p]laintiff's rights" under the parties' sale agreement. Mot. 17. The Court is not persuaded that the circumstances alleged, particularly in light of the lack of excusable neglect, satisfy the "heavy burden" of demonstrating a "manifest injustice" that would make an alteration under Rule 59(e) appropriate.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for relief under Rule 60(b), or in the alternative, for alteration of the dismissal Order and Judgment under Rule 59(e), is **DENIED**. Because the dismissal Order and Judgment remain in effect, plaintiff's request for a preliminary injunction is **DENIED** as moot.

**SO ORDERED.**

                                                    */s/ Natasha C. Merle*
                                                    NATASHA C. MERLE
                                                    United States District Judge

Dated:        December 30, 2025
                 Brooklyn, New York